UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROMAN KEVILLY,

                Plaintiff,

              v.                                    **MEMORANDUM &ORDER**
                                                           02 Civ. 5796 (DRH) (MLO)

THE STATE OF NEW YORK, THE NASSAU
COUNTY POLICE DEPARTMENT, THE FLORAL
PARK POLICE DEPARTMENT, THE NASSAU
COUNTY DISTRICT ATTORNEYS OFFICE, THE
NASSAU COUNTY COURTS, THE NEW YORK
STATE DEPARTMENT OF CORRECTIONAL
SERVICES, NEW YORK STATE EXECUTIVE
DEPARTMENT DIVISION OF PAROLE, MICHAEL
SCHIRANO, TERRENCE HAGAN, sued in their
individual capacities, ROBERT TEDESCO, GASPARE
DESIMONE, G. QUINN, JOHN DOE-SIUDAK,
GRACE C. DIEZ, CHRISTOPHER DEVANE,
MARTIN I. SILBERG, Deceased, ALAN L.
HONOROF, MARK DIAMOND, LAWRENCE J.
SCHWARZ, RUSS TEDESCO, DENIS E. DILLON,
SHERYL A. CHANNER, K. F. KAKRETZ, D.
KINDERMAN, ZELDA JONAS, NANCY WILLIAMS,
MELVIN L. HOLLINS, MICHAEL LICCIONE,
GLENN S. GOORD, BRUCE D. ALPERT, NELL A.
MALLEN, S. CARTER, L. JOLMA, FRANK
MARLENGA, JAMES V. MURRAY, ELIOT SPITZER,
The New York State Attorney Generals Office, PETER
H. SCHIFF, sued in their individual and official
capacities,
                Defendants.
------------------------------------------------------------X
**APPEARANCES:**

**ROMAN KEVILLY**
Plaintiff Pro Se
No. 97-A-0654
Oneida Correctional Facility
P.O. Box 4580, 6100 School Road
Rome, New York 13440-4580

**THE COUNTY OF NASSAU OFFICE OF THE COUNTY ATTORNEY**
Attorney for Defendant Nassau County
One West Street
Mineola, New York 11501-4820
By: Donna Napolitano, Esq.

**HURLEY, District Judge:**

This order involves a new wrinkle in the above-captioned action. On October 25, 2002, Plaintiff Roman Kevilly ("Plaintiff" or "Kevilly") filed the present lawsuit pursuant to 42 U.S.C. § 1983 and § 1985 claiming that his arrest, conviction, and continuing incarceration are the result of a conspiracy by the defendants to violate his constitutional rights. In a February 13, 2004, Memorandum and Order, this Court granted the Defendants' Rule 12(b)(6) motions, but granted Plaintiff leave to submit an amended complaint. On March 15, 2005, the Court issued another Memorandum and Order instructing Plaintiff to furnish a complete proposed amended complaint, containing any and all factual allegations that the wished to make. Plaintiff submitted an Amended Complaint on April 28, 2005.

The motion currently before the Court poses an issue not previously articulated by Plaintiff. On July 14, 2005, Plaintiff moved to void his criminal conviction in the Nassau County Court on the grounds that the state court lacked subject matter jurisdiction. Defendants did not submit fully-briefed replies. Instead, Defendant Nassau County simply submitted a letter in opposition stating, "We oppose the motion on the grounds that in accordance with [FRCP 60(b)(4)], this Federal Court can only vacate a judgment properly imposed by a Federal Court and as such, this Court lacks subject matter jurisdiction over the criminal conviction rendered in state court." (*See* Docket Entry No. 103.)

Rule 60(b)(4) provides that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding . . . [if] the judgment is void . . . ." Fed. R.Civ.P. 60(b)(4). "A motion under Rule 60(b) is addressed to the sound discretion of the trial court." *Velez v. Vassallo*, 203 F.Supp.2d 312, 333 (S.D.N.Y. 2002) (citing *Mendell on Behalf of*

*Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990)). Nonetheless, the Second Circuit has cautioned that Rule 60(b) provides "extraordinary judicial relief" to be granted "only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F .2d 58, 61 (2d Cir. 1986); *see also Employers Mut. Cas. Co. v. Key Pharm.*, 75 F.3d 815, 824-25 (2d Cir. 1996) ("A movant under Rule 60(b) must demonstrate 'exceptional circumstances' justifying the extraordinary relief requested."). In evaluating a Rule 60(b) motion, the courts of this circuit also require that the evidence in support of the motion be highly convincing, that the movant show good cause for the failure to act sooner, and that no undue hardship be imposed on the other parties as a result. *See, e.g., Kotlicky v. U.S. Fidelity & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987); *Williams v. New York City Dep't of Corr.*, 219 F.R.D. 78, 84 (S.D.N.Y. 2003).

The Second Circuit has also held that "[a] motion under Rule 60(b) and a petition for habeas have different objectives. The habeas motion under 28 U.S.C. § 2254 seeks to invalidate the state court's judgment of conviction . . . [while] the motion under Rule 60(b) . . . seeks only to vacate the federal court judgment dismissing the habeas petition." *Id.* Accordingly, a court will vacate a judgment pursuant to a Rule 60(b) motion in the habeas context only if it relates "to the integrity of the federal habeas proceeding, not the integrity of the . . . criminal trial." *Id.* at 199. On the other hand, if "a motion relates to the integrity of the criminal trial and not the prior habeas proceeding, the motion is in actuality a § [2254] petition and must meet the criteria set forth in the Antiterrorism and Effective Death Penalty Act of 1996." *Harris v. United States*, 357 F. Supp. 2d 524, 527 (N.D.N.Y. 2005). From the above-cited caselaw, it is clear that a motion under Rule 60(b) is not the appropriate mechanism for challenging the validity of a state court's judgment. Instead, because it challenges the integrity of the criminal trial, Plaintiff's motion is essentially a habeas petition. Given that habeas petitions are precious to the incarcerated in the wake of AEDPA's limitation on the number of petitions that may be filed regarding a particular conviction, the Court will not convert Plaintiff's present motion into a habeas petition.

The Court further notes that it is difficult to understand the basis for Plaintiff's submission, even

if it were a habeas petition. Plaintiff contends that the exhibits attached to his memorandum of law demonstrate that the Nassau County Supreme Court lacked subject matter jurisdiction over his criminal prosecution. (*See* Pl.'s Mem.) The exhibits, however, make no such showing. Exhibit L is a copy of his Sentence & Commitment from Nassau County Supreme Court that states the terms of his conviction. Exhibit M is a copy of the Second Department's judgment affirming the trial court's judgment. Exhibit N is a copy of his arraignment, describing how Plaintiff robbed a cab driver of $50 in New Hyde Park, Nassau County on February 2, 1992. Neither Plaintiff's memorandum of law nor his exhibits provide even a hint of the justifications or foundations for Plaintiff's belief that the trial court lacked subject matter jurisdiction.

In sum, Plaintiff's Rule 60(b) motion is DENIED, as it is an inappropriate procedural mechanism for challenging a state court judgment. If Plaintiff wishes to challenge his state court conviction on a petition for writ of habeas corpus, he may do so, and the Court will consider treating said petition as if it were submitted on the date that Plaintiff submitted his Rule 60(b) motion, subject, of course, to input from Defendants on the issue. Plaintiff should take care to provide some basis for his contentions, however, as the bald assertions in his Rule 60(b) will be unavailing in his habeas petition.

**SO ORDERED.**

Dated:  Central Islip, New York  /s/
  March 2, 2006  Denis R. Hurley
  United States District Judge